

1  solomonpet

2  LEONARDO M. RAPADAS
   United States Attorney
3  KARON V. JOHNSON
   Assistant U.S. Attorney
4  Suite 500, Sirena Plaza.
   108 Hernan Cortez Ave.
5  Hagåtña, Guam 96910
   PHONE: 472-7332
6  FAX: 472-7334

**FILED**
DISTRICT COURT OF GUAM

NOV - 1 2007 mbo

**JEANNE G. QUINATA**
Clerk of Court

7  Attorneys for the United States of America

8

9          IN THE UNITED STATES DISTRICT COURT

10              FOR THE TERRITORY OF GUAM

11

12  UNITED STATES OF AMERICA,        ) MAGISTRATE CASE NO. **07-00015**
                                     )
13                   Plaintiff,      )
                                     )
14          vs.                      )  **PETITION FOR WRIT**
                                     )  **OF REMOVAL**
15  REBECCA M. SOLOMON,              )
    aka REBECCA ISHIHAMA, and        )
16  TERRY R. SOLOMON,                )
                                     )
17                   Defendants.     )
    _____)

18

19          Petitioner, United States Attorney for the District of Guam, respectfully shows this Court that:

20          1. On December 20, 2006, the United States Attorney's Office, for the Northern District of

21  California filed an Indictment charging the defendants with Conspiracy, Mail Fraud, Wire Fraud,

22  Launder Monetary Instruments, Money Laundering and Engaging in Monetary Transactions with Funds

23  Derived From a Specified Unlawful Activity in violation of Title 18, United States Code, Sections 371,

24  1341, 1343, 1956(h), 1956(a)(1)(A)(I) and 1957;

25          2. On December 21, 2006, the U.S. District Court for the Northern District of California, issued

26  a no bail warrant of arrest for the defendants to be brought to the Northern District of California to

27  answer charges of the indictment. A copy of the indictment and warrant for arrest are attached and

28  incorporated herein as Exhibit 1.

1     3. On November 1, 2007, the defendants arrived on Guam and were arrested.

2     WHEREFORE, petitioner prays this Court to issue a writ of removal pursuant to Rule 5(c) for

3 said defendants from the District of Guam to the Northern District of California.

4     DATED this 1st day of November 2007.

5                                LEONARDO M. RAPADAS
                                  United States Attorney

6                                Districts of Guam and NMI

7

8                     By:

9                           KARON V. JOHNSON
                         Assistant U.S. Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No.  **CR  06  00818  JF**  ARL

# UNITED STATES DISTRICT COURT

FILED

## NORTHERN DISTRICT OF CALIFORNIA

2006 DEC 20 P 2:59

### *SAN JOSE DIVISION*

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA. S.J.

## THE UNITED STATES OF AMERICA

*vs.*

## REBECCA M. SOLOMON, a/k/a "Rebecca Ishihama"
## and TERRY R. SOLOMON

# INDICTMENT

**COUNT ONE:**

*SEALED BY ORDER OF THE COURT*

Title 18, U.S.C., Section 371- Conspiracy

**COUNTS TWO - TWENTY- ONE:**

Title 18, U.S.C., Section 1343 - Wire Fraud

**COUNTS TWENTY -TWO - TWENTY -FOUR:**

Title 18, U.S.C., Section 1341 - Mail Fraud

**COUNT TWENTY-FIVE:**

Title 18, U.S.C., Section 1956(h) - Conspiracy to Launder Monetary Instruments

**COUNTS TWENTY-SIX-THIRTY-ONE**

Title 18, U.S.C., Section 1956(a)(1)(A)(I) - Money Laundering

**COUNTS THIRTY-TWO-THIRTY-EIGHT**

Title 18, U.S.C., Section 1957 - Engaging in Monetary Transactions With Funds Derived From a Specified Unlawful Activity

EXHIBIT 1

US ATTORNEY OFFICE      Fax                    Dec 22 2006 01:20am  P003

**COUNTS THIRTY-NINE-FORTY-TWO**

Title 18, U.S.C., Section 1957
- Engaging in Monetary
Transactions With Funds
Derived From a Specified
Unlawful Activity

**COUNT FORTY-THREE**

Title 18, U.S.C., Section 982
- Forfeiture

*A true bill.*

_____
                                        *Foreperson*

*Filed in open court this* 2 0 *day of* Dec
*A.D. 200* b

_____
                        *United States Magistrate Judge*

*Bail* $ _No bail warrants_

1   KEVIN V. RYAN (CSBN 118321)
     United States Attorney

**FILED**

7006 DEC 20 P 2: 59

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF C.A. S. J.

*SEALED BY ORDER OF THE COURT*

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

#### SAN JOSE DIVISION

# CR 06 00818   JF

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. : |
|     Plaintiff, | VIOLATIONS: 18 U.S.C. § 371 -- Conspiracy; 18 U.S.C. § 1343 -- Wire Fraud; 18 U.S.C. § 1341 -- Mail Fraud; 18 U.S.C. § 1956(h) -- Conspiracy To Launder Monetary Instruments; 18 U.S.C. § 1956(a)(1)(A)(i) — Money Laundering; 18 U.S.C. § 1957 — Engaging In Monetary Transactions In Property Derived From Wire Fraud and Mail Fraud; 18 U.S.C. § 982 -- Criminal Forfeiture |
|     v. | |
| REBECCA M. SOLOMON, a/k/a "Rebecca Ishihama," and TERRY R. SOLOMON, | |
|     Defendants. | |

SAN JOSE VENUE

### I N D I C T M E N T

The Grand Jury charges:

<u>Introductory Allegations</u>

At all times relevant to this Indictment:

    1.   Kristoffer International, Inc. (Kristoffer) was a jewelry brokerage company incorporated in California and operated out of Tiburon, California.

    2.   The Solomon Investment Group, Inc. (The Solomon Investment Group) was an investment company incorporated in California and operated out of Tiburon, California. The Solomon Investment Group solicited investors for high-yield investment ventures, typically by

INDICTMENT

1  making requests for large investments and promising extremely large returns on those

2  investments in a short period of time.

3       3. Defendant Rebecca Solomon, a/k/a/ "Rebecca Ishihama," and her husband, Terry

4  Solomon, operated Kristoffer and the Solomon Investment Group out of their Tiburon residence.

5       4. Defendant Rebecca Solomon was the president of both Kristoffer and the Solomon

6  Investment Group. She was primarily responsible for soliciting investments from potential

7  investors for both entities.

8       5. Defendant Terry Solomon identified himself as the registered agent of the Solomon

9  Investment Group. In that capacity, he was primarily responsible for explaining the details of the

10  investment plans to potential investors in the Solomon Investment Group. Defendant Terry

11  Solomon was also responsible for providing the logistical details and documents associated with

12  Solomon Investment Group investment plans to investors.

13       6. Defendant Rebecca Solomon maintained a bank account at the Bank of America in

14  Corte Madera, California under the name of Kristoffer International, Inc. Defendants Rebecca

15  Solomon and Terry Solomon used this account to deposit investor funds. Defendant Rebecca

16  Solomon was the sole signatory on the signature card for this account.

17       7. Defendant Rebecca Solomon also maintained two bank accounts at HSBC Bank in

18  San Francisco, California under the names, respectively, of Rebecca Solomon and The Solomon

19  Investment Group, Inc. Defendants Rebecca Solomon and Terry Solomon used these accounts to

20  deposit investor funds. Rebecca Solomon was the sole signatory on the signature card for both of

21  these accounts.

22  COUNT ONE: (18 U.S.C. § 371–Conspiracy)

23       From on or about and between May 1, 2004, and continuing through to on or about April

24  30, 2006, both dates being approximate and inclusive, in Santa Clara County, in the Northern

25  District of California, and elsewhere, the defendants

26
27                          REBECCA M. SOLOMON and
                            TERRY R. SOLOMON,

28  did knowingly and intentionally conspire to commit acts and offenses against the laws of the

INDICTMENT                                    2

United States, that is: wire fraud, in violation of 18 U.S.C. § 1343, and mail fraud, in violation of

18 U.S.C. § 1341, by devising a scheme and artifice to obtain money by means of false and

fraudulent representations, specifically by:

a. soliciting investments under the false and fraudulent pretense that the solicited funds

would be invested in the purchase and re-sale of a multi-million dollar diamond; and

b. soliciting investments under the false and fraudulent pretense that the solicited funds

would be invested in a leasing company dealing in telecommunication hardware in China.

## MANNER AND MEANS OF THE CONSPIRACY

6. It was part of the conspiracy that defendants Rebecca Solomon and Terry Solomon

falsely and fraudulently claimed to investors to have special, inside information about purchasing

a very large, valuable, flawless diamond on the wholesale market.

7. It was further a part of the conspiracy that defendants Rebecca Solomon and Terry

Solomon solicited investor funds by explaining to investors that the funds were needed to secure

the diamond, transport it to a known buyer in Japan, and sell it for a considerable profit.

8. It was further a part of the conspiracy that defendants Rebecca Solomon and Terry

Solomon deposited investor funds solicited in connection with the plan to purchase the diamond

into a business account controlled by defendant Rebecca Solomon under the name Kristoffer

International, Inc.

9. It was further a part of the conspiracy that defendants Rebecca Solomon and Terry

Solomon, upon receiving investment monies from investors, repeatedly assured investors that the

diamond transaction had been completed and investor returns would be forthcoming, when in

fact, as Rebecca Solomon later admitted to several investors, no diamond transaction ever

occurred, and no returns were ever realized pertaining to an actual diamond transaction.

10. It was further a part of the conspiracy that defendants Rebecca Solomon and Terry

Solomon promoted a separate investment scheme in which they falsely and fraudulently told

investors that their funds would be invested in New Century International Leasing, or "NCIL," a

leasing company dealing in telecommunication hardware in China (hereafter referred to as "the

China investment scheme").

INDICTMENT                                           3

11.  It was further a part of the conspiracy that the defendants Rebecca Solomon and Terry Solomon encouraged investors involved in the China investment scheme to transfer money into the Solomons' HSBC accounts for 60-day term investments with promises of guaranteed 20% returns at the end of 60 days.

12.  It was further a part of the conspiracy that defendants Rebecca Solomon and Terry Solomon encouraged investors in the China investment scheme to roll their initial investments into second and third rounds of investments based upon the promise of a higher ultimate return.

13.  It was further a part of the conspiracy that defendants Rebecca Solomon and Terry Solomon encouraged investors in the China investment scheme to recruit friends and family members to participate in the scheme, and provided them with financial incentives for successfully recruiting additional investors.

14.  It was further a part of the conspiracy that defendants Rebecca Solomon and Terry Solomon did not, in fact, legitimately invest the majority of the funds solicited in either a diamond purchase or the China investment scheme, but instead spent the majority of investor funds from both investment plans on promoting the Solomon Investment Group, the purchase of luxury automobiles and other luxury items for the personal use of the Solomons, and extended personal vacations for the Solomons and their family members.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

15.  In furtherance of the conspiracy and to effect its objects, defendants Rebecca Solomon and Terry Solomon committed and caused to be committed the following overt acts, in the Northern District of California and elsewhere:

Wire Transfers

| OVERT ACT | DATE | ITEM WIRED | WIRED FROM | WIRED TO |
|---|---|---|---|---|
| A | 5/26/04 | $1,650,000 wire transfer | JPMorgan Chase (SmithBarney) New York, NY | Bank of America Corte Madera, CA |
| B | 7/6/04 | $600,000 wire transfer | Citibank NA (Charles Schwab) New York, NY | Bank of America Corte Madera, CA |

INDICTMENT                              4

US ATTORNEY OFFICE    Fax          Dec 22 2006 01:21am  P008/020

| | | | | | |
|---|---|---|---|---|---|
| C | 7/6/04 | $900,000 wire transfer | Mellon Bank NA (Cendant Mortgage) Pittsburgh, PA | Bank of America Corte Madera, CA |
| D | 7/7/05 | $100,000 wire transfer | Mellon Bank NA (Merrill Lynch) Pittsburgh, PA | HSBC Bank San Francisco, CA |
| E | 7/15/05 | $100,000 wire transfer | JPMorgan Chase (SmithBarney) New York, NY | HSBC Bank San Francisco, CA |
| F | 7/19/05 | $25,000 wire transfer | Mellon Bank NA (Merrill Lynch) Pittsburgh, PA | HSBC Bank San Francisco, CA |
| G | 8/4/05 | $62,500 wire transfer | Mellon Bank NA (Merrill Lynch) Pittsburgh, PA | HSBC Bank San Francisco, CA |
| H | 8/4/05 | $62,500 wire transfer | JPMorgan Chase (Fidelity National Financial Services) New York, NY | HSBC Bank San Francisco, CA |
| I | 8/26/05 | $500,000 wire transfer | World Savings Bank-FSB San Antonio, TX | HSBC Bank San Francisco, CA |
| J | 9/6/05 | $1,000,000 wire transfer | JPMorgan Chase (Fidelity National Financial Services) New York, NY | HSBC Bank San Francisco, CA |
| K | 9/19/05 | $100,000 wire transfer | Citibank NA (Charles Schwab) New York, NY | HSBC Bank San Francisco, CA |
| L | 9/21/05 | $50,000 wire transfer | JPMorgan Chase (SmithBarney) New York, NY | HSBC Bank San Francisco, CA |
| M | 9/29/05 | $100,000 wire transfer | Citibank NA (Charles Schwab) New York, NY | HSBC Bank San Francisco, CA |
| N | 9/29/05 | $100,000 wire transfer | Citibank NA (Charles Schwab) New York, NY | HSBC Bank San Francisco, CA |
| O | 10/6/05 | $100,000 wire transfer | First Interstate Bank Billings, MT | HSBC Bank San Francisco, CA |
| P | 10/12/05 | $100,000 wire transfer | First Interstate Bank Billings, MT | HSBC Bank San Francisco, CA |

INDICTMENT         5

| | | | | |
|---|---|---|---|---|
| Q | 10/19/05 | $1,000,000 wire transfer | JPMorgan Chase (Fidelity National Financial Services) New York, NY | HSBC Bank San Francisco, CA |
| R | 11/4/05 | $100,000 wire transfer | Citibank NA (Charles Schwab) New York, NY | HSBC Bank San Francisco, CA |
| S | 11/4/05 | $50,000 wire transfer | Citibank NA (Charles Schwab) New York, NY | HSBC Bank San Francisco, CA |
| T | 11/17/05 | $50,000 wire transfer | Bank of America NA New York, NY | HSBC Bank San Francisco, CA |

Mailings

| OVERT ACT | DATE | ITEM SENT | SENT FROM | SENT TO |
|---|---|---|---|---|
| U | 7/18/05 | Promissory Note and Postdated Check | Florence, Italy | Saratoga, CA |
| V | 7/28/05 | Personal check | San Jose, CA | Paris, France |
| W | 11/3/05 | Personal check | Birmingham, United Kingdom | Tiburon, CA |

All in violation of Title 18, United States Code, Section 371.

COUNTS TWO THROUGH TWENTY-ONE: (18 U.S.C. § 1343 – Wire Fraud)

16. On or about the dates indicated for each Count below, in the Northern District of California, and elsewhere, the defendants

REBECCA M. SOLOMON and
TERRY R. SOLOMON,

for the purpose of executing a scheme to defraud, by means of false and fraudulent representations, material in that they would reasonably influence a person to part with money and property, namely, the scheme described in Count One and attempting to do so, transmitted and caused to be transmitted by means of wire in interstate commerce, the writings and signals indicated below. This paragraph, and the preceding paragraphs One through Fifteen contained in Count One, are hereby realleged and incorporated into each of the following Counts Two Through Twenty-One:

INDICTMENT                                    6

US ATTORNEY OFFICE     Fax          Dec 22 2006 01:21am  P010/020

| COUNT | DATE | ITEM WIRED | WIRED FROM | WIRED TO |
|-------|------|-----------|-----------|---------|
| 2 | 5/26/04 | $1,650,000 wire transfer | JPMorgan Chase (SmithBarney) New York, NY | Bank of America Corte Madera, CA |
| 3 | 7/6/04 | $600,000 wire transfer | Citibank NA (Charles Schwab) New York, NY | Bank of America Corte Madera, CA |
| 4 | 7/6/04 | $900,000 wire transfer | Mellon Bank NA (Cendant Mortgage) Pittsburgh, PA | Bank of America Corte Madera, CA |
| 5 | 7/7/05 | $100,000 wire transfer | Mellon Bank NA (Merrill Lynch) Pittsburgh, PA | HSBC Bank San Francisco, CA |
| 6 | 7/15/05 | $100,000 wire transfer | JPMorgan Chase (SmithBarney) New York, NY | HSBC Bank San Francisco, CA |
| 7 | 7/19/05 | $25,000 wire transfer | Mellon Bank NA (Merrill Lynch) Pittsburgh, PA | HSBC Bank San Francisco, CA |
| 8 | 8/4/05 | $62,500 wire transfer | Mellon Bank NA (Merrill Lynch) Pittsburgh, PA | HSBC Bank San Francisco, CA |
| 9 | 8/4/05 | $62,500 wire transfer | JPMorgan Chase (Fidelity National Financial Services) New York, NY | HSBC Bank San Francisco, CA |
| 10 | 8/26/05 | $500,000 wire transfer | World Savings Bank-FSB San Antonio, TX | HSBC Bank San Francisco, CA |
| 11 | 9/6/05 | $1,000,000 wire transfer | JPMorgan Chase (Fidelity National Financial Services) New York, NY | HSBC Bank San Francisco, CA |
| 12 | 9/19/05 | $100,000 wire transfer | Citibank NA (Charles Schwab) New York, NY | HSBC Bank San Francisco, CA |
| 13 | 9/21/05 | $50,000 wire transfer | JPMorgan Chase (SmithBarney) New York, NY | HSBC Bank San Francisco, CA |
| 14 | 9/29/05 | $100,000 wire transfer | Citibank NA (Charles Schwab) New York, NY | HSBC Bank San Francisco, CA |

INDICTMENT                                    7

| | 15 | 9/29/05 | $100,000 wire transfer | Citibank NA (Charles Schwab) New York, NY | HSBC Bank San Francisco, CA |
| | 16 | 10/6/05 | $100,000 wire transfer | First Interstate Bank Billings, MT | HSBC Bank San Francisco, CA |
| | 17 | 10/12/05 | $100,000 wire transfer | First Interstate Bank Billings, MT | HSBC Bank San Francisco, CA |
| | 18 | 10/19/05 | $1,000,000 wire transfer | JPMorgan Chase (Fidelity National Financial Services) New York, NY | HSBC Bank San Francisco, CA |
| | 19 | 11/4/05 | $100,000 wire transfer | Citibank NA (Charles Schwab) New York, NY | HSBC Bank San Francisco, CA |
| | 20 | 11/4/05 | $50,000 wire transfer | Citibank NA (Charles Schwab) New York, NY | HSBC Bank San Francisco, CA |
| | 21 | 11/17/05 | $50,000 wire transfer | Bank of America NA New York, NY | HSBC Bank San Francisco, CA |

All in violation of Title 18, United States Code, Section 1343.

COUNTS TWENTY-TWO THROUGH TWENTY-FOUR: (18 U.S.C. § 1341 – Mail Fraud)

17. On or about the dates indicated for each Count, in Santa Clara County, in the Northern District of California, and elsewhere, the defendants

REBECCA M. SOLOMON and
TERRY R. SOLOMON,

for the purpose of executing a scheme to defraud, by means of false and fraudulent representations, material in that they would reasonably influence a person to part with money and property, the above-described scheme in Count One and attempting to do so, sent and caused to be sent through a commercial interstate carrier, the items indicated below. This paragraph, and the preceding paragraphs One through Fifteen contained in Count One, are hereby realleged and incorporated into each of the following Counts Twenty-Two through Twenty-Four:

//

//

INDICTMENT                    8

| COUNT | DATE | ITEM SENT | SENT FROM | SENT TO |
|-------|------|-----------|-----------|---------|
| 22 | 7/18/05 | Promissory Note and Postdated Check | Florence, Italy | Saratoga, CA. |
| 23 | 7/28/05 | Personal check | San Jose, CA | Paris, France |
| 24 | 11/3/05 | Personal check | Birmingham, United Kingdom | Tiburon, CA |

All in violation of Title 18, United States Code, Section 1341.

COUNT TWENTY-FIVE: (18 U.S.C. § 1956(h) – Conspiracy to Launder Monetary Instruments)

18. The factual allegations contained in paragraphs One through Fifteen and Counts One through Twenty-Four of this Indictment are realleged and incorporated herein.

19. From on or about and between May 1, 2004, and continuing through to on or about April 30, 2006, both dates being approximate and inclusive, in Santa Clara County, in the Northern District of California, and elsewhere, the defendants

REBECCA M. SOLOMON and
TERRY R. SOLOMON,

did knowingly conspire to conduct financial transactions affecting interstate commerce which in fact involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, and mail fraud, in violation of Title 18, United States Code, Section 1341, with the intent to promote that specific unlawful activity; in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and Title 18, United States Code, Section 1957.

MANNER AND MEANS OF THE CONSPIRACY

20. The manner and means by which the conspiracy was carried out included the following:

a. From in or about May 1, 2004 through April 30, 2006, the defendants engaged in unlawful activity, specifically wire fraud and mail fraud, conduct which generated approximately $17,957,283.33 in criminal proceeds, as charged in Counts One through Twenty-Four of the Indictment.

INDICTMENT           9

1    b. It was part of the conspiracy that the defendants used the proceeds of the unlawful

2 activity to make some payments to some investors in furtherance of the fraudulent investment

3 schemes.

4    c. It was further part of the conspiracy that the defendants used the proceeds of the

5 unlawful activity to pay a recruiting commission to another individual for his role in recruiting

6 investors.

7    d. It was further part of the conspiracy that, upon receiving the proceeds of the unlawful

8 activity, the defendants made payments in excess of $10,000 in fraudulently obtained proceeds,

9 either through writing checks to defendant Terry Solomon or making purchases using the

10 fraudulently obtained proceeds.

11   <u>OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY</u>

12   21. In furtherance of the conspiracy and to effect its objects, the defendants Rebecca

13 Solomon and Terry Solomon committed the following overt acts, in the Northern District of

14 California and elsewhere:

15   <u>Payments To Investors</u>

16 OVERT

| ACT | DATE | PAYEE | AMOUNT OF PAYMENT |
|-----|------|-------|-------------------|
| A | 11/7/05 | Mariam Ahmadian | $85,000 |
| B | 11/14/05 | Mariam Ahmadian | $145,000 |
| C | 11/14/05 | Mariam Ahmadian | $200,000 |
| D | 11/21/05 | Juliana Roberts-Bitter | $120,000 |

22   <u>Payment of Recruiting Commission</u>

23 OVERT

| ACT | DATE | PAYEE | AMOUNT OF PAYMENT |
|-----|------|-------|-------------------|
| E | 11/7/05 | Jon Christensen | $45,000 |
| F | 11/20/05 | Jon Christensen | $25,000 |

27   <u>Payments In Excess of $10,000</u>

28

INDICTMENT      10

| OVERT ACT | DATE | PAYEE | AMOUNT OF PAYMENT |
|---|---|---|---|
| G | 5/28/04 | First International Diamond | $1,000,000 |
| H | 7/10/04 | Terry Solomon | $40,000 |
| I | 8/1/05 | Brancross US Holdings-Rent | $80,000 |
| J | 8/26/05 | Terry Solomon | $25,000 |
| K | 9/15/05 | Terry Solomon | $25,000 |
| L | 9/23/05 | Park Royale "Hummer 2.06" | $67,196.23 |
| M | 10/18/05 | First International Diamond | $100,000 |
| N | 10/21/05 | Colin Cowie Lifestyle | $307,728.19 |
| O | 10/23/05 | First International Diamond | $79,000 |
| P | 10/25/05 | Terry Solomon | $21,000 |
| Q | 11/10/05 | Cashier's Check–Mercedes of Beverly Hills | $310,440.71 |

All in violation of Title 18, United States Code, Section 1956(h).

COUNTS TWENTY-SIX THROUGH THIRTY-ONE: (18 U.S.C. § 1956(a)(1)(A)(i) – Money Laundering)

22. The allegations contained in paragraphs One through Fifteen and Counts One through Twenty-Five of this Indictment are realleged and incorporated herein.

23. On or about the dates indicated for each Count below, in Santa Clara County, in the Northern District of California, and elsewhere, the defendant

REBECCA SOLOMON,

did knowingly conduct financial transactions affecting interstate commerce, to wit: the wiring of funds to investors and to a person involved in recruiting investors, and the sending of a personal check to the person involved in recruiting investors, which involved the proceeds of a specified unlawful activity, that is, wire fraud and mail fraud, as set forth in Counts Two through Twenty-Four, with the intent of promoting the specified unlawful activity, to wit: wire fraud and mail fraud, as set forth in Counts Two through Twenty-Four, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transaction, that is the wire transfers and check summarized as follows, represented the proceeds

INDICTMENT                                    11

Case 1:07-mj-00015    Document 1    Filed 11/01/2007    Page 15 of 21

of some form of unlawful activity:

    A.    <u>Payments To Investors</u>

| <u>COUNT</u> | <u>DATE</u> | <u>PAYEE</u> | <u>METHOD</u> | <u>AMOUNT</u> |
|---|---|---|---|---|
| 26 | 11/7/05 | Mariam Ahmadian | Wire Transfer | $85,000 |
| 27 | 11/14/05 | Mariam Ahmadian | Wire Transfer | $145,000 |
| 28 | 11/14/05 | Mariam Ahmadian | Wire Transfer | $200,000 |
| 29 | 11/21/05 | Juliana Roberts-Bitter | Wire Transfer | $120,000 |

    B.    <u>Payment of Recruiting Commission</u>

| <u>COUNT</u> | <u>DATE</u> | <u>PAYEE</u> | <u>METHOD</u> | <u>AMOUNT</u> |
|---|---|---|---|---|
| 30 | 11/7/05 | Jon Christensen | Wire Transfer | $45,000 |
| 31 | 11/20/05 | Jon Christensen | Personal Check | $25,000 |

    All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

<u>COUNTS THIRTY-TWO THROUGH THIRTY-EIGHT</u>: (18 U.S.C. § 1957--Engaging in Monetary Transactions With Funds Derived From a Specified Unlawful Activity)

    24.  The allegations contained in paragraphs One through Fifteen and Counts One through Twenty-Five of this Indictment are realleged and incorporated herein.

    25.  On or about the dates indicated for each Count, in Santa Clara County, in the Northern District of California, and elsewhere, the defendant

           REBECCA M. SOLOMON,

did knowingly engage in monetary transactions in criminally derived property of a value greater than $10,000 affecting interstate commerce which in fact were derived from specified unlawful activity, that is, wire fraud in violation of Title 18, United States Code, Section 1343, and mail fraud in violation of Title 18, United States Code, Section 1341, as set forth in Counts Two through Twenty-Four, to wit: the making of the following payments which contained in excess of $10,000 in criminally derived proceeds, fraudulently obtained pursuant to the scheme described

INDICTMENT        12

in Count One:

| COUNT | DATE | PAYEE | AMOUNT OF PAYMENT |
|---|---|---|---|
| 32 | 5/28/04 | First International Diamond | $1,000,000 |
| 33 | 8/1/05 | Brancross US Holdings-Rent | $80,000 |
| 34 | 9/23/05 | Park Royale "Hummer 2.06" | $67,196.23 |
| 35 | 10/18/05 | First International Diamond | $100,000 |
| 36 | 10/21/05 | Colin Cowie Lifestyle | $307,728.19 |
| 37 | 10/23/05 | First International Diamond | $79,000 |
| 38 | 11/10/05 | Cashier's Check–Mercedes of Beverly Hills | $310,440.71 |

    All in violation of Title 18, United States Code, Section 1957.

COUNTS THIRTY-NINE THROUGH FORTY-TWO: (18 U.S.C. § 1957–Engaging in Monetary Transactions With Funds Derived From a Specified Unlawful Activity)

    26. The allegations contained in paragraphs One through Fifteen and Counts One through Twenty-Five of this Indictment are realleged and incorporated herein.

    27. On or about the dates indicated for each Count, in Santa Clara County, in the Northern District of California, and elsewhere, the defendant

TERRY R. SOLOMON,

did knowingly engage in monetary transactions in criminally derived property of a value greater than $10,000 affecting interstate commerce which in fact were derived from specified unlawful activity, that is, wire fraud in violation of Title 18, United States Code, Section 1343, and mail fraud in violation of Title 18, United States Code, Section 1341, as set forth in Counts Two through Twenty-Four, to wit: the making of the following payments which contained in excess of $10,000 in criminally derived proceeds, fraudulently obtained pursuant to the scheme described in Count One:

INDICTMENT                                    13

| COUNT | DATE | PAYEE | AMOUNT OF PAYMENT |
|-------|------|-------|-------------------|
| 39 | 7/10/04 | Terry Solomon | $40,000 |
| 40 | 8/26/05 | Terry Solomon | $25,000 |
| 41 | 9/15/05 | Terry Solomon | $25,000 |
| 42 | 10/25/05 | Terry Solomon | $21,000 |

All in violation of Title 18, United States Code, Section 1957.

COUNT FORTY-THREE: (18 U.S.C. § 982 – Forfeiture)

28.  The allegations of Paragraphs One through Fifteen and Counts One through Forty-Two of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982.

2.  As a result of the offenses alleged in Counts One through Forty-Two above or any of them, the defendants

REBECCA M. SOLOMON and
TERRY R. SOLOMON

shall forfeit to the United States the following property:

a.  All property, real and personal involved in violation of Title 18, United States Code, Section 1341, Title 18, United States Code, Section 1343, Title 18, United States Code, Section 1956, and Title 18, United States Code, Section 1957, or conspiracy to commit such offenses, for which the defendants are convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction, transmission, or transfer in violation of Title 18, United States Code Sections 1341, 1343, 1956, and 1957; 2) all commissions, fees, and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations.

b.  A sum of money equal to the total amount of money involved in each offense, or

INDICTMENT                          14

1   conspiracy to commit such offense, for which the defendant is convicted. If more than one

2   defendant is convicted of an offense, the defendants so convicted are jointly and severally liable

3   for the amount involved in such offense.

4      c. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18,

5   United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the

6   value of the amount described in Count Twenty-Five of this indictment ($17,957,283.33) if, by

7   act or omission of the defendant, the property described in Count Twenty-Five, or any portion

8   thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or

9   deposited with a third party; has been placed beyond the jurisdiction of the court; has been

10   substantially diminished in value;

11   or has been commingled with other property which cannot be divided without difficulty;

12

13   including but not limited to the following items of property:

14      i. 2005 Maybach 57 automobile, VIN WDBVF78J45A001128, California License
     Plate #5PWK688.

15      ii. 2006 Hummer 2 automobile, VIN 5GRGN23U96H101282, California License Plate
     #5SHF806.

16      iii. 2003 Harley Davidson Motorcycle, VIN 1HD1FCW563Y636319, ENG #
     FCW3636319, California License Plate # 16S9787.

17

18      All in violation of Title 21, United States Code 853, and Title 18, United States Code

19

20   Section 982, 1341, and 1956.

  DATED:    20 DEC 2006                   A TRUE BILL.

21

22                                             FOREPERSON

23   KEVIN V. RYAN

24   United States Attorney

25

26   MATTHEW A. PARRELLA

27   Chief, San Jose Branch Office
  (Approved as to form:

28          AUSA NEDROW

INDICTMENT                 15

AO 442 (Rev. 5/93) Warrant for Arrest

# United States District Court
## Northern District of California

SEALED BY ORDER OF COURT

UNITED STATES OF AMERICA,

V.

**Terry R. Solomon**

**WARRANT FOR ARREST**

Case Number: **CR-06-00818-02-JF**

To: The United States Marshal
    and any Authorized United States Officer

   YOU ARE HEREBY COMMANDED to arrest _____ **Terry R. Solomon** _____

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

   (X) Indictment  () Information  () Complaint
   () Order of Court  () Violation Notice  () Probation Violation Petition

charging him or her with

| | |
|---|---|
| Count 1 | 18:371- Conspiracy |
| Counts 2-21 | 18:1343 Wire Fraud |
| Counts 22-24 | 18:1341 Mail Fraud |
| Counts 25 | 18:1956(h) Conspiracy to Launder Monetary Instruments |
| Counts 39-42 | 18:1957 Engaging in Monetary Transactions With Funds From a Specified Unlawful Activity |
| Count 43 | 18:982 Forfeiture |

| | |
|---|---|
| Cita F. Escolano | Deputy Clerk |
| Name of Issuing Officer | Title of Issuing Officer |
| _Cita F. Escolano_ | |
| Signature of Issuing Officer | 12/21/06, San Jose, CA. |
| | Date and Location |

Bail fixed at $ ___ NO BAIL ___          by ___ Howard R. Lloyd ___
                                              Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at ___ | | |
| Date received | Name and Title of Arresting Officer | Signature of Arresting Officer |
| Date of Arrest | | |

US ATTORNEY OFFICE    Fax          Dec 22 2006 01:23am  PO20/020

AO 442 (Rev. 5/93) Warrant for Arrest

# United States District Court
## Northern District of California

**SEALED BY ORDER OF COURT**

UNITED STATES OF AMERICA,

v.

WARRANT FOR ARREST

**Rebecca M. Solomon**
**"Aka" Rebecca Ishihama**

Case Number: **CR-06-00818-01-JF**

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest   <u>Rebecca M. Solomon 'aka' Rebecca Ishihama</u>

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

(X) Indictment   () Information   () Complaint
() Order of Court   () Violation Notice   () Probation Violation Petition

charging him or her with

| | |
|---|---|
| Count 1 | 18:371- Conspiracy |
| Counts 2-21 | 18:1343 Wire Fraud |
| Counts 22-24 | 18:1341 Mail Fraud |
| Counts 25 | 18:1956(h) Conspiracy to Launder Monetary Instruments |
| Counts 26-31 | 18:1956(a)(1)(A)(i) Money Laundering |
| Counts 32-38 | 18:1957 Engaging in Monetary Transactions With Funds From a Specified Unlawful Activity |
| Count 43 | 18:982 Forfeiture |

| | |
|---|---|
| <u>Cita F. Escolano</u> | <u>Deputy Clerk</u> |
| Name of Issuing Officer | Title of Issuing Officer |
| *Cita F. Escolano* | |
| Signature of Issuing Officer | <u>12/21/06, San Jose, CA</u> |
| | Date and Location |

Bail fixed at $   <u>NO BAIL</u>          by   <u>Howard R. Lloyd</u>
                                              Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ | | |
| Date received | Name and Title of Arresting Officer | Signature of Arresting Officer |
| Date of Arrest | | |